**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 22 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Central Division

Jennifer Ryan                                                                           Plaintiff

v.                                    Case No. *4:20cv 773-LPR*

Lloyd & McDaniel, PLC                                                          Defendant

**Complaint**    This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Harris_

1.      Defendant Lloyd & McDaniel, PLC (Lloyd & McDaniel), a debt collection law

firm, attempted to collect a debt from Plaintiff Jennifer Ryan on behalf of JH Portfolio

Debt Equities, LLC and JH Met Subsidiary B Liquidating Trust when neither had been

issued a collection agency license in Arkansas, a violation of the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Arkansas Fair Debt

Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, *et seq.*[1]

2.      This isn't the first time Lloyd & McDaniel, PLC, attempted to collect debts

from Arkansas consumers on behalf of an unlicensed collection agency. In 2018, Lloyd

& McDaniel, PLC, filed a series of debt collection lawsuits on behalf of Absolute

Resolutions Corp., an unlicensed collection agency at the time the debt collection

lawsuits were filed.

3.      One of the purposes of the FDCPA and the AFDCPA is to ensure that debt

collectors only take actions to collect debts when they are authorized under state law

to do so. Lloyd & McDaniel, PLC's debt collection attempts were not authorized under

Arkansas law.

---

[1] *See e.g. Simpson v. Cavalry SPV I, LLC,* 2014 Ark. 363, 440 S.W.3d 335 (2014); *Alexander v. Absolute Resolutions Corp., et al,* 2019 WL 1938811 (W.D. Ark., May 1, 2019).

4.     Jennifer Ryan was harmed by Lloyd & McDaniel, PLC's actions because she was forced to defend against unauthorized debt collection attempts after Lloyd & McDaniel, PLC, sued her in the Circuit Court of Pope County, Arkansas.

## Venue

5.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692k(d), and 15 U.S.C. § 1692k(d).

6.     This action arises out of Lloyd & McDaniel's violations of the FDCPA and the AFDCPA in its illegal efforts to collect a consumer debt from Ryan.

7.     Venue is proper in this District because the acts and transactions occurred here, Ryan resides here, and Lloyd & McDaniel transacts business here.

8.     Lloyd & McDaniel has transacted business within Arkansas by attempting to collect this debt from Ryan using litigation, while he was located within and permanently residing within Arkansas.

## Parties

### *Plaintiff Jennifer Ryan*

9.     Jennifer Ryan is a citizen of Arkansas, residing in Pope County, Arkansas.

10.     Jennifer Ryan is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Defendant Lloyd & McDaniel, PLC*

11.     Lloyd & McDaniel, PLC (Lloyd & McDaniel) is a foreign limited liability company operating from 700 N Hurstbourne Parkway, Louisville, Kentucky 40222.

12.     Lloyd & McDaniel is a law firm.

13.    Lawyers and law firms engaged in debt collection litigation are debt collectors under the FDCPA and the AFDCPA.[2]

14.    The term "debt collector" has two prongs:

(a)     any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

(b)    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.[3]

15.    Lloyd & McDaniel uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

16.    Lloyd & McDaniel regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

17.    Lloyd & McDaniel devotes a substantial percentage of its business and resources to debt collection.

18.    Lloyd & McDaniel derives a substantial amount of its revenue from debt collection.

19.    Lloyd & McDaniel markets itself to clients as a debt collector.[4]

20.    Lloyd & McDaniel maintains a payment portal on its website so that consumers can make payments towards debts placed with Lloyd & McDaniel for collection by its clients.

---

[2] *See Heintz v. Jenkins,* 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 395 (1995).

[3] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

[4] *See,* Lloyd & McDaniel's website: www.lloydmc.com/Home/About (current as of May 29, 2020).

21.     Lloyd & McDaniel is a licensed collection agency with the Arkansas State Board of Collection Agencies.

22.     In the year preceding the filing of this civil action, Lloyd & McDaniel filed over 3,500 debt collection lawsuits for its clients in Arkansas, and many more in the states of Mississippi, Alabama, Georgia, Florida, Tennessee, Kentucky, Indiana, Ohio and West Virginia.

## Factual Allegations

23.     Within one-year immediately preceding filing this pleading, Lloyd & McDaniel attempted to collect from Ryan a financial obligation primarily for personal, family, or household purposes, which is therefore a "debt" as that term in defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a debt over a defaulted Capital One, N.A., credit card account (the Credit Card Account)

24.     Ryan allegedly defaulted on the Credit Card Account.

25.     After the alleged default, the Credit Card Account was assigned to JH Portfolio Debt Equities, LLC (JH LLC).

26.     JH LLC retained Lloyd & McDaniel to collect the debt through litigation against Ryan.

27.     On April 9, 2019, JH LLC filed a civil action against Ryan, alleging she purchased items on her Capital One, N.A. credit card account, that the account had been purchased and assigned to JH LLC, and that the amount past due was $3,287.11, and requested a judgment in that amount plus costs.[5]

---

[5] Exhibit 1.

28.    The debt collection complaint was signed by W. Anderson Woodford, an attorney employed by Lloyd & McDaniel, and listed Lloyd & McDaniel in the signature block.

29.    Ryan was served with the debt collection complaint and summons.

30.    Ryan retained undersigned counsel to defend her in the civil action.

31.    Ryan filed an answer.

32.    On May 17, 2019, JH LLC informed the Arkansas State Board of Collection Agencies that it was surrendering its collection agency license as of June 30, 2019.[6]

33.    On June 24, 2019, Lloyd & McDaniel served its First Set of Interrogatories, Request for Production, and Request for Admissions.[7]

34.    These discovery requests identified JH Met Subsidiary B Liquidating Trust (JH Trust) as the plaintiff.

35.    Lloyd & McDaniel's service of these discovery requests was an attempt to collect a debt from Ryan on behalf of JH Trust because, among other things, it asked Ryan to admit that she owed $3,287.11 to JH Trust.[8]

36.    At the time Lloyd & McDaniel served these discovery requests JH Trust had not been issued a collection agency license by the Arkansas State Board of Collection Agencies and was not a party to the debt collection litigation, meaning any attempt by Lloyd & McDaniel to collect a debt on behalf of JH Trust was not authorized.

---

[6] Exhibit 2.

[7] Exhibit 3.

[8] *Id.*, Request for Admission No. 17.

37.   At the time Lloyd & McDaniel served these discovery request JH Trust was not a party to the debt collection litigation and was, therefore, not authorized to serve interrogatories, request for production, or request for admission.[9]

38.   On July 24, 2019, Ryan objected to these discovery requests based on the lack authorization issues listed herein.

39.   On July 24, 2019, Ryan served her own requests for admission in the debt collection litigation requesting JH LLC admit or deny that:

(a)   JH LLC had not obtained a license from the State Board of Collection Agencies under Ark. Code § 17-24-301;

(b)   JH Trust had not obtained a license from the State Board of Collectino Agencies under under Ark. Code § 17-24-301; and

(c)   JH LLC did not own the Capital One, N.A., account that was the subject matter of the debt collection civil action.

40.   The 30-day deadline to respond to Ryan's requests for admissions passed without JH LLC and filing or serving any timely responses.

41.   Ryan then moved to have the matters deemed admitted and for summary judgment.

42.   The Circuit Court of Pope County has yet to rule on Ryan's motions.

43.   JH LLC allowing its collection agency license to lapse and JH Trust's failure to obtain a collection agency license renders Lloyd & McDaniel's debt collection attempts unlawful:

Unless licensed by the State Board of Collection Agencies under this subchapter it is unlawful to:

(1)   Engage in the collection of delinquent accounts, bills, or other forms of indebtedness;

---

[9] See Ark. R. Civ. P. 33, 34, and 36.

    (2)    Use a fictitious name or any name other than their own in the collection of their own accounts receivable;

    (3)    Solicit claims for collection; or

    (4)    Purchase and attempt to collect delinquent accounts or bills.[10]

44.    Lloyd & McDaniel is a licensed collection agency.

45.    Lloyd & McDaniel Woodford knew that at the time it served its discovery requests on Ryan it was attempting to obtain a judgment against her in favor of JH LLC or JH Trust and that JH LLC nor JH Trust were required to have a collection agency license from the Arkansas State Board of Collection Agencies.

### Summary

46.    Lloyd & McDaniel's debt collection tactics against Ryan materially mislead her as to her rights under the FDCPA and the AFDCPA, and affected and frustrated Ryan's ability to intelligently respond to Defendants' collection efforts.

47.    All of the communications as alleged herein by Lloyd & McDaniel constitute false and deceptive communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

### Standing

48.    Ryan has standing Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct

---

[10] See Ark. Code Ann. § 17-24-301.

of Lloyd & McDaniel described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.

49.   Ryan's injury in fact is both particular and concrete because she has suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

50.   The FDCPA recognizes a consumer's rights and redress for violations of those rights, including the right to be free of deceptive collection activities and collection activities directed at consumers the debt collector lacks the legal authority to take.

51.   Ryan has standing because she has suffered actual damages by incurring and paying legal fees to defend against Lloyd & McDaniel's deceptive and unauthorized debt collection attempts to obtain a judgment against her and in favor of an unlicensed debt collector.

## Causes of Action

### *Count I – Violations of the FDCPA*

52.   Ryan incorporates by reference all of the above paragraphs as though stated herein.

53.   Lloyd & McDaniel engaged in unfair and false acts and practices, in violations of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

54.   The foregoing acts and omissions of Lloyd & McDaniel and its agents constitute a violation of the FDCPA, 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Ryan.

55.   Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

> (2) The false representation of—
>
>> (A)   the character, amount, or legal status of any debt...[or]
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken...[or]
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

56.   Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

57.   A debt collector's failure to obtain or register with a states' licensing

agency, coupled with deceptive conduct or misrepresentations of legal authority to

collect debt in a state, violate the FDCPA.[11]

---

[11] *See e.g. Collins v. Erin Capital Mgmt., L.L.C.*, 991 F. Supp. 2d (S.D. Fla. 2013) (debt collector's conduct violated the FDCPA where it failed to register with the state as a debt collector, misrepresented its legal authority to seek garnishment, but nevertheless pursued garnishments); *see also Lopez v. Law Offices of Faloni & Assoc.*, 2016 WL 4820629 (D.N.J., Sept. 14, 2016) (debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, violated, at a minimum 15 U.S.C. § 1692e(10)); *Scott v. J. Anthony Cambece Law Office, P.C.*, 600 F. Supp. 2d 479 (E.D.N.Y. 2009) (complaint stated FDCPA claim against defendant law firm for collecting debt without debt collection license as required by applicable New York City municipal code, since code does not contain *per se* exemption for attorneys); *Gray v. Unifund CCR Partners*, 2007 WL 4260017 (D. Haw. Dec. 4, 2007) (unlicensed collection agency violated § 1692e(5) because it threatened to take action that it could not legally take); *Midland Funding, L.L.C. v. Juba*, 2017 WL 716331 (Mass. App. Div. Feb. 15, 2017) (rejecting "passive debt buyer" argument; failure to obtain a Mass. debt collection license violated FDCPA).

58.    As a result of Lloyd & McDaniel's violations of the FDCPA, Ryan is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); her actual damages under 15 U.S.C. § 1692k(a)(2)(A); and an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Lloyd & McDaniel.

### Count II – Violations of the AFDCPA

59.    Ryan incorporates by reference the above paragraphs a though stated herein.

60.    Lloyd & McDaniel engaged in unfair and false acts and practices, in violations of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1).

61.    The foregoing acts and omissions of Lloyd & McDaniel and its agents constitute a violation of the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1), with respect to Ryan.

62.    Section 17-24-506 provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

(2) The false representation of—

(B)    the character, amount, or legal status of any debt...[or]

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken...[or]

      (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

63.    Section 17-24-507 provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      (2)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64.    A debt collector's failure to obtain or register with a states' licensing agency, coupled with deceptive conduct or misrepresentations of legal authority to collect debt in a state, violate the AFDCPA.

65.    As a result of Lloyd & McDaniel's violations of the AFDCPA, Ryan is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); her actual damages under 15 U.S.C. § 1692k(a)(2)(A); and an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Lloyd & McDaniel.

## Jury Demand

66.    Ryan demands a trial by jury.[12]

## Prayer for Relief

67.    Plaintiff Jennifer Ryan prays that judgment be entered against Defendant Lloyd & McDaniel, PLC, for statutory damages, actual damages, costs of litigation and attorney's fees, and for other such relief as may be proper and just.

By: _____

Corey D. McDaha

---

[12] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com

In the United States District Court
Eastern District of Arkansas
Central Division

Jennifer Ryan                                                                    Plaintiff

v.                                      Case No. _____

Lloyd & McDaniel, PLC                                                Defendant

**Exhibit 1**

# UNIFORM COVER PAGE
[To be used when required by Administrative Order No. 2 (g)*]

COURT:     CIRCUIT COURT OF POPE COUNTY

Docket/Case Number: 58CV-19-184

CASE NAME:
PLAINTIFF/
PETITIONER:        JH PORTFOLIO DEBT EQUITIES,LLC

DEFENDANT/
RESPONDENT:        JENNIFER RYAN

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):        COMPLAINT

*Administrative Order No 2.
    (g) *File Mark.* (1)There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
DIVISION

JH PORTFOLIO DEBT EQUITIES, LLC                                    PLAINTIFF

vs.                                   CASE NO. 58CV-19-180

JENNIFER RYAN                                                      DEFENDANT

COMPLAINT

The Plaintiff, JH PORTFOLIO DEBT EQUITIES, LLC, by and through its Attorneys, Lloyd &

McDaniel, PLC, and for its cause of action against the Defendant alleged and states as follows:

1. Plaintiff is a foreign entity authorized to do business in the State of Arkansas pursuant to

   Arkansas Code Annotated 4-27-1501.

2. That the Defendant herein is believed to be a resident of Pope County, Arkansas and this Court

   has jurisdiction of the parties and the subject matter herein.

3. That Defendant purchased certain items with extension of credit obtained on the Defendant's

   CAPITAL ONE, N.A. account. This account was purchased by, and assigned to the Plaintiff for

   good and valuable consideration.

4. That the amount past due on said account, which has not been paid and has been owed for a

   period of time is $3,287.11, as set out in Plaintiff's Affidavit which is attached hereto and

   incorporated herein by reference.

5. That demand has been made for the payment of same, yet the balance remains unpaid.

6. Plaintiff has attached an Affidavit of Account as Exhibit I, the Assignment/Bill of Sale as Exhibit

   II and additional supporting documentation as Exhibit III.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in the amount of $3,287.11,

plus all costs herein paid and expended, and for all other proper relief.

W. Anderson Woodford (2016103) | Joshua A. De Renzo
(2017019)
LLOYD & MCDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

This firm is acting as a debt collector.  This communication is an attempt to collect a debt and any
information obtained will be used for that purpose.

441279/PARSUIT/AJ

# EXHIBIT I

## *AFFIDAVIT OF CLAIM*

The undersigned, being duly sworn, states that:

1.  I am an employee and/or agent of the Plaintiff, and I am of legal age and am qualified to make this Affidavit of Claim against Defendant(s), JENNIFER RYAN.

2.  I am an employee and/or agent of the Plaintiff and am a qualified person with personal knowledge of Plaintiff's business records. The Plaintiff's business records are made at the time of occurrence, are kept in the regular course of business, and it is part of the Plaintiff's regular course of business to keep such records. The facts stated herein are based upon my review of the account records of CAPITAL ONE, N.A., which have been integrated and incorporated into Plaintiff's business records in the ordinary course of Plaintiff's business.

3.  According to Plaintiff's business records, the unpaid balance due $3,287.11 JH PORTFOLIO DEBT EQUITIES, LLC on original account number ▮▮▮▮▮▮▮▮▮ is $3,287.11 as of January 22, 2019.

4.  According to Plaintiff's business records, demand has been made upon the Defendant(s), JENNIFER RYAN, but payment has not been received.

5.  According to Plaintiff's business records, there are no setoffs, or credits for which credit has not already been given.

AFFIANT: *Teionia Hudson*
TITLE: Custodian of Records
STATE OF: Missouri
COUNTY OF: St. Louis

Subscribed and sworn to before me this **19** day of **February** 20 **19**

NOTARY PUBLIC

My Commission Expires: **10|30|2022**.

441279/3
P905TRJH/KH3

1497P4793592

JENNIFER GILES
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 18112658
My Commission Expires 10-30-2022

# EXHIBIT II

**Forward Flow Receivable Sale Agreement dated June 1, 2017**

## BILL OF SALE

### Closing Date: August 24, 2017

Capital One, National Association ("Seller"), in consideration of a Purchase Price of ███████████ and other valuable consideration, the receipt of which is hereby acknowledged, hereby sells, assigns and transfers all right, title and interest in the Accounts identified in the Sale File entitled "20170821.PSC8QJ.SLDFLE1.TXT" (which may be in electronic form) to JH Portfolio Debt Equities,LLC ("Buyer"), without recourse or representation except as expressly provided herein or on the terms, and subject to the conditions, set forth in the Agreement (as defined below).

This Bill of Sale is delivered pursuant to that certain Forward Flow Receivable Sale Agreement, dated as of June 1, 2017, by and between Seller and Buyer (the "Agreement"). All capitalized terms used, but not defined, in this Bill of Sale shall have the meanings assigned to such terms in the Agreement.

The Cutoff Date for the Sale File was August 21, 2017. The aggregate Unpaid Balance of the Accounts as of the Cutoff Date was ███████████.

CAPITAL ONE, NATIONAL ASSOCIATION

By: _____

Name: John H. Maurer

Title: Vice President, Loss Mitigation

Forward Flow Receivable Sale Agreement dated June 1, 2017

## AFFIDAVIT OF SALE
## OF ACCOUNT
## BY CREDITOR

State of Virginia, County of Goochland.

John H. Maurer being duly sworn, deposes and says:

I am over 18 and not a party to this action.  I am a Vice President of Capital One, National Association.  In that position I am aware of the process of the sale and assignment of electronically stored business records.

On or about August 21, 2017, Capital One, National Association sold a pool of charged-off accounts (the Accounts) by a Forward Flow Receivable Sale Agreement and a Bill of Sale to JH Portfolio Debt Equities,LLC.  As part of the sale of the Accounts, electronic records and other records were transferred on individual Accounts to the debt buyer. These records were kept in the ordinary course of business of Capital One, National Association.

I am not aware of any errors in these accounts.  The above statements are true to the best of my knowledge.

Signed this  5th  day of  September, 2017.

John H. Maurer
Vice President, Loss Mitigation

SUBSCRIBED and sworn to before me, the undersigned Notary Public in the jurisdiction aforesaid, by John H. Maurer, who is personally known to me and who acknowledged before me his signature to the foregoing Affidavit.

GIVEN under my hand and seal this  5th  day of  September, 2017.

Medea L. White
Notary Public

MEDEA L. WHITE
NOTARY PUBLIC
REG. #348359
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DEC. 31, 2020

**Receivable Sale Agreement dated June 1, 2017**

**CERTIFICATE OF CONFORMITY**


**CERTIFICATE OF CONFORMITY**
**MADE PURSUANT TO**
**CPLR 2309(c)**
**and RPL 299-a**


I, Caryn E. Clark, an attorney-at-law admitted to practice in the Commonwealth of Virginia, do hereby certify that Medea L. White, is a notary public in and for the Commonwealth of Virginia, in the jurisdiction aforementioned and the acknowledgment upon affidavits for Capital One, National Association are taken in the manner prescribed by the laws of the Commonwealth of Virginia and conforms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature, this 6ᵗʰ day of September , 2017.

                                                    Caryn E. Clark, Esq.
                                    Attorney at Law, Commonwealth of Virginia



| Field | Value |
|---|---|
| CUST_TYPE | N |
| Account_number | ▮▮▮▮▮ |
| CUST_NM | RYAN          JENNIFER |
| CUST_ADR | 140 S HILL AVE APT 108 |
| CUST_CITY | FAYETTEVILLE |
| CUST_ST | AR |
| CUST_ZIP | 72701-5785 |
| CUST_PH_NUM | |
| CUST_DOB | |
| CUST_SSN | |
| SEC_IND | N |
| INT_RT | 00.000 |
| open_dt | 06/20/2012 |
| DELIQ_DT | 01/31/2017 |
| chrgof_dt | 07/31/2017 |
| LST_PMT_DT | 12/24/2016 |
| LST_PMT_AMT | 000000000000000.00 |
| CHRGOF_BAL | 000000000003287.11 |
| CURR_BAL | 000000000003287.11 |
| POST_CHRGOF_INT | 000000000000000.00 |
| POST_CHRGOF_FEE | 000000000000000.00 |
| SEC_NM | |
| SEC_ADR | |
| SEC_CITY | |
| SEC_ST | |
| SEC_ZIP | |
| SEC_PH_NUM | |
| SEC_DOB | |
| SEC_SSN | |
| Brand_at_conversion | FURN ROW T2 NW BUS GOFR 060109 |
| Previous_Entity | NOT APPLICABLE |
| Current_Entity | CAPITAL ONE, N.A. |
| Last_Purchase_dt | 01/13/2017 |
| CO_PRIN_AMT | 000000000002986.61 |
| Num_Cltbrls | 00 |
| Vehicle_Make | Not Applicable |
| Vehicle_Year | Not Applicable |
| VIN | Not Applicable |
| Title_Stat | Not Applicable |
| nan | |

# EXHIBIT III

# FURNITURE ROW.
Beautiful Designs. Comfortable Prices.



Furniture Row  Account Statement
Account Number
From July 1, 2017 to July 31, 2017

Page 1 of 2

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $3,238.45 |
| Payments − | $0.00 |
| Other Credits − | $0.00 |
| Purchases/Debits + | $0.00 |
| Past Due Amount | $925.00 |
| Fees Charged + | $35.00 |
| Interest Charged + | $13.66 |
| New Balance | $3,287.11 |
| | |
| Credit Limit | $3,509.00 |
| Credit Available | $0.00 |
| Statement Closing Date | July 31, 2017 |
| Days in Billing Cycle | 31 |

**Questions?**
Customer Service                    1-800-420-5981

## Payment Information

| | |
|---|---|
| New Balance | $3,287.11 |
| Minimum Payment Due | $1,003.00 |
| Payment Due Date | August 25, 2017 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased to the Penalty APR of 28.90%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 13 Years | $6,998 |

If you would like information about credit counseling services call 1-866-589-2227.

**Payment Address:** Capital One Retail Services, PO Box 7680, Carol Stream, IL 60116-7680
**Billing Inquiries:** Retail Services, PO Box 30257, Salt Lake City, UT 84130-0257
**Manage Your account online at www.hrsaccount.com/furniturerow**

## Important Information

**You can pay your bill online or over the phone. It's free!**

## Transactions

### Fees

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
|---|---|---|---|---|---|
| 07/25/17 | 07/25/17 | LATE CHARGE ASSESSMENT | Reg - Purch | 10000000010725998201460 | $35.00 |
| | | **Total Fees for This Period** | | | **$35.00** |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|

Detach and return bottom portion with your payment.        593612 5 E 30        STMTAW  D  14807        See reverse side for important information



| | |
|---|---|
| **Account Number:** | |
| **New Balance** | **$3,287.11** |
| **Minimum Payment Due** | **$1,003.00** |
| **Payment Due Date** | **08/25/2017** |

Include account number on check to Capital One Retail Services.
*Do not send cash.* Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

JENNIFER R RYAN
140 S HILL AVE APT 108
FAYETTEVILLE AR 72701-5785

593   AMOUNT
ENCLOSED   $ ☐☐☐☐☐ . ☐☐

CAPITAL ONE RETAIL SERVICES
PO Box 7680
CAROL STREAM IL 60116-7680

**How Can I Avoid Paying Interest Charges?** We will not charge you interest on new non-promotional purchases if you pay the full Regular Purchase Credit Plan balance displayed on your billing statement each month, plus any minimum payments required on promotional Credit Plans. During the last two full Billing Cycles prior to expiration of any Same as Cash Credit Plan, in order to avoid interest on new non-promotional purchases you must also add payment in full of any such remaining Same as Cash Credit Plan balance.

**How Do You Calculate The Interest Charge?** We use a method called Average Daily Balance (including new transactions).

1. First, for each Credit Plan we take the beginning balance each day and add in new transactions and the periodic Interest Charge on the previous day's balance. Then we subtract any payments and credits for that Credit Plan as of that day. The result is the daily balance for each Credit Plan.

2. Next, for each Credit Plan, we add the daily balances together and divide the sum by the number of days in the Billing Cycle. The result is the Average Daily Balance for each Credit Plan.

3. At the end of each Billing Cycle, for all Credit Plans other than Same as Cash, we multiply your Average Daily Balance for each Credit Plan by the daily periodic rate (APR divided by 365) for that Credit Plan, and then we multiply the result by the number of days in the Billing Cycle. For Same As Cash Credit Plans, if interest is applied, the interest is accrued from the transaction date of the purchase through the current Billing Cycle. The Interest Charge for Same as Cash Credit Plans is the total of:
   • The applicable daily periodic rate (APR divided by 365) for the current Billing Cycle times the daily balance for each day in the current Billing Cycle; plus
   • The applicable daily periodic rate for each prior Billing Cycle times the daily balances of the Credit Plan for each day during each prior Billing Cycle.

4. We add the Interest Charges for all Credit Plans together. The result is your total Interest Charge for the Billing Cycle.

NOTE: Due to rounding or a minimum Interest Charge, this calculation may vary slightly from the Interest Charge actually assessed.

**How Can My Variable Annual Percentage Rate (APR) Change?** If your account has variable rates, those APR(s) may change each month if the Prime rate changes. We calculate variable rates by adding a percentage to the Prime rate published in The Wall Street Journal that is in effect on the last day of each month. Variable rates will be updated monthly and will take effect on the first day of your next Billing Cycle. Any increase in the Prime rate may increase your Interest Charges and your Minimum Payment due.

**How Do I Make Payments?** You may make your payment in several ways:

1. Online at the web address listed on the front of this statement and logging into your account;

2. Telephone Voice Response System by dialing the phone number listed on the front of this statement and following the voice prompts;

3. Calling the telephone number listed on the front of this statement and providing your information to our representative;

4. Sending mail payments to the address on the front of this statement with the payment coupon or your account information.

**When Will You Credit My Payment?** You may make your payment in several ways:
• For online or over the phone, as of the business day we receive it, as long as they are made by 8 pm ET.
• For mailed payments, as of the business day we receive it, as long as they are received by 5 pm in the payment address time zone and you send the bottom portion of this statement with your check to the payment address on the front of this statement. Please allow at least (7) business days for mail delivery. Mailed Payments received by us at any other location or Payments in any other form may not be credited as of the day we receive them.

**How Do You Process Payments?** When you make a payment, you authorize us to initiate an ACH or electronic payment that will be debited from your bank account or other related account. When you provide a check or check information to make a payment, you authorize us to use information from the check to make a one-time ACH or other electronic transfer from your bank account. We may also process it as a check transaction. Funds may be withdrawn from your bank account as soon as the same day we process your payment.

**How Do You Apply My Payment?** We generally apply payments up to your minimum payment amount to satisfy the Minimum Payment Due on each Credit Plan, first to the lowest APR Credit Plan balance and then to higher APR Credit Plan balances. We apply any part of your payment exceeding your minimum payment to the balance with the highest APR and then to balances with lower APRs. We do this based on the APRs in effect and balances owed on the day your preceding Billing Cycle ended.

**Billing Rights Summary (Does Not Apply to Small Business Accounts)**
**What To Do If You Think There Is A Mistake On Your Statement:** If you think there is an error on your statement, write to us at Capital One Retail Services, PO Box 30257, Salt Lake City, UT 84130-0257.
In your letter, give us the following information:
• Account information: Your name and account number.
• Dollar amount: The dollar amount of the suspected error.
• Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.
You must contact us within 60 days after the error appeared on your statement.
You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. We will notify you in writing within 30 days of our receipt of your letter. While we investigate whether or not there has been an error, the following are true:
• We cannot try to collect the amount in question, or report you as delinquent on that amount.
• The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question until we send you a notice about the outcome of our investigation, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit.
Within 90 days of our receipt of your letter, we will send you a written notice explaining either that we corrected the error (to appear on your next statement) or the reasons we believe the bill is correct.

**Your Rights If You Are Dissatisfied With Your Credit Card Purchases:** If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.
To use this right, the following must be true:
1. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify; and
2. You must not yet have fully paid for the purchase.
If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at Capital One Retail Services, PO Box 30257, Salt Lake City, UT 84130-0257. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

© 2015 Capital One. Capital One is a federally registered service mark. All rights reserved.                SB017 (07/01/15)

SB017 (07/01/15)

# To ensure accuracy, please print neatly using uppercase letters and numbers only!

Change of mailing address form.

Street number (if any)        Street Name or the words "PO BOX"        Unit or PO Box Number

City        State        Zip

Email Address

Home Phone (Primary)        Work Phone (Primary)

Work Phone        Work Phone (Secondary)

# FURNITURE ROW.
Beautiful Designs. Comfortable Prices.



Furniture Row  Account Statement
Account Number
From July 1, 2017 to July 31, 2017

Page 2 of 2

### Transactions (continued)

| | |
|---|---|
| INTEREST CHARGE ON PURCHASES | $13.66 |
| Total Interest For This Period | $13.66 |

| Interest Fees by Plan | |
|---|---|
| Total fees charged | $245.00 |
| Total Interest charged | $55.50 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Regular Purchase 00136 - 01 | 24.90% | $0.00 | $0.00 |
| Regular Purchase 00112 - 02 | 24.90% | $181.52 | $3.84 |
| Regular Purchase 00088 - 03 | 24.90% | $232.37 | $4.91 |
| Regular Purchase 00148 - 04 | 24.90% | $0.00 | $0.00 |
| Regular Purchase 00007 - 05 | 24.90% | $232.17 | $4.91 |

v=Variable Rate

### Credit Plan Information

| Credit Plan/Promotion Type | Purchase Date | Promotional Expiration Date | Previous Balance | New Balance | Minimum Payment | Deferred Interest | Promotional Payoff Amount |
|---|---|---|---|---|---|---|---|
| Regular Purchase 00136 - 01 | N/A | N/A | $706.45 | $706.45 | $232.18 | $0.00 | $706.45 |
| Regular Purchase 00112 - 02 | N/A | N/A | $179.68 | $183.52 | $183.52 | $0.00 | $183.52 |
| Regular Purchase 00088 - 03 | N/A | N/A | $222.18 | $262.09 | $262.09 | $0.00 | $262.09 |
| Regular Purchase 00148 - 04 | N/A | N/A | $1,900.32 | $1,900.32 | $280.58 | $0.00 | $1,900.32 |
| Regular Purchase 00007 - 05 | N/A | N/A | $229.82 | $234.73 | $44.63 | $0.00 | $234.73 |

In the United States District Court
Eastern District of Arkansas
Central Division

Jennifer Ryan                                                                    Plaintiff

v.                                            Case No. _____

Lloyd & McDaniel, PLC                                                        Defendant

**Exhibit 2**

# JH PORTFOLIO DEBT EQUITIES, LLC *RH 6-18-19*

RECEIVED MAY ...

May 17, 2019

Arkansas State Board of Collection Agencies
523 South Louisiana Street, Suite 460
Little Rock, Arkansas 72201

Re:     Surrender of Collection Agency License No. 4066

Dear Examiner:

Please accept this correspondence as notification that JH Portfolio Debt Equities, LLC
("JHPDE") is voluntarily surrendering the above referenced Collection Agency License as of
June 30, 2019 and will not be renewing this license.

Please update your records to reflect this license surrender and contact Brenda Tirrel at
btirrel@jzservices.com or 800-670-6312 if you have any questions.  Thank you for your
attention to this request.

Sincerely,

Douglas C. Jacobsen
CEO

License #4066
JH Portfolio Debt Equities, LLC
Hazelwood, MO Location

5757 Phantom Drive, Suite 225, Hazelwood, MO 63042
Phone: 314-442-7500

# ARKANSAS STATE BOARD OF COLLECTION AGENCIES

523 South Louisiana, Suite 460

Little Rock, AR 72201

Phone: (501) 371-1438
Fax: (501) 372-5383

## APPLICATION *FOR COLLECTION AGENCY LICENSE*

License # _____

## *SECTION 1:*

**(A) AGENCY NAME** _JH Portfolio Debt Equities, LLC_____ Telephone _818-251-9911_ Fax _818-251-9912_____

Parent Company _____

Name To Appear on the License _JH Portfolio Debt Equities, LLC_____

Mailing Address ___21800 Burbank Blvd., Suite 330____ City Woodland Hills _ State CA __ Zip _91367_____

Physical Location __21800 Burbank Blvd., Suite 330_____ City Woodland Hills _ State CA __ Zip _91367_____

**(B) CONTACT PERSONS:**

1. Licensing issues: Name: _Joy Chamlee_____ Telephone _770-587-4595___ Fax _770-587-2440____

2. Compliance issues: Name: _Douglas Jacobsen_____ Telephone _818-251-9911__ Fax _818-251-9912_

**(C) ORGANIZATION TYPE:**

( ) Sole Proprietorship ( ) Partnership ( ) Corporation (X) LLC ( ) LLP Other, describe_____

## *SECTION 2:*

**(A) SOLE PROPRIETORSHIP**

Name: _____Business Phone:_____

**(B) CORPORATIONS, PARTNERSHIPS, OR OTHER ARTIFICIAL ENTITIES:**

1. List all owners, partners, members, affiliates, subsidiaries, corporations, persons, firms, etc. having a financial interest directly or indirectly in the Agency and the percentage of ownership held by each: (Attach separate sheet if necessary.)

| Name | Title | Address | Number of Shares | Percentage of Ownership |
|------|-------|---------|------------------|-------------------------|
| See Attached | | | | |

2. List names, titles and business addresses of senior Officers and Directors. Include positions of CEO, COO, president, executive or vice president, secretary, treasurer, or positions of similar authority. (Attach separate sheet if necessary.)

| Name | Title | Business Address | Name | Title | Business Address |
|------|-------|------------------|------|-------|------------------|
| See Attached | | | | | |

3. If applicable, Date And Place of Incorporation: ___CA___ 9/20/2005_____ or

Date and Place Partnership, LLC or other Entity formed_____

4. Provide an organizational flow chart showing all parent companies, subsidiaries, affiliates, etc.

**(C) PROPOSED MANAGER:**

Manager's Name: _Douglas Jacobsen_____

## SECTION 3 -

List the NAMES, ADDRESSES and ALIASES of ALL EMPLOYEES who COLLECT or SOLICIT ACCOUNTS: *(Attach separate sheet if necessary)*

| Name | Address | Alias |
|------|---------|-------|
| See Attached List | | |
| Douglas Jacobsen | 21800 Burbank Blvd.  # 330 Woodland Hills, CA 91367 | |

## SECTION 4- *(All applicants must answer)*

**no** (a) Have you or any manager, operator, partner, officer, director, or owner of 25% or more of the agency been convicted of a felony under the laws of the United States, the State of Arkansas, or any other state or country within the last ten years? If the answer is yes, please explain.

**no** (b) Have you or any manager, operator, partner, director, or owner of 25% or more of the agency had any business license or like privilege denied, revoked, refused or suspended in Arkansas or any other state? If the answer is yes, please explain.

**no** (c) Are you or any of your collectors law enforcement officers?

**no** (d) Have you or has the agency ever had a collection license suspended or revoked or had administrative action taken against you/it by a governmental or regulatory agency?

**no** (e) Have you or the agency ever had an application for a collection agency license denied?

**no** (f) Has the agency ever been involved in civil litigation arising out of the collection agency business?

*The following questions are to be answered only by owners of sole proprietorships.*

_____ (g) Are there any criminal; charges pending against you (other than minor traffic violations)?

_____ (h) Have you ever been refused any license by a governmental body?

_____ (i) Have you ever been charged with committing fraudulent acts?

_____ 0) Have you ever defaulted in the payment of money collected from others?

## SECTION 5-

**REQUIRED FEES:**

| | | |
|---|---|---|
| Agency Fee: | $ | 125.00 |
| Manager Fee: | $ | 15.00 |
| 1 (# of Collectors and Solicitors) x $15.00 | $ | 15.00 |
| Roster (optional) | 5.00 | _____ |
| ____ By City/State | | |
| ____ Alphabetically | | |
| | | |
| TOTAL REMITTED | $ | 155 |

**_SECTION 6-_ AUTHORITY TO OBTAIN INFORMATION FROM OUTSIDE SOURCES**

*[This must be signed by the Owner (if a sole proprietorship), or Officer (if a corporation), Partner (if a partnership) or Member (if a LLC or by such person who is duly authorized to execute contracts, deeds, and other instruments under seal on behalf of the entity.]*

I, the undersigned, hereby authorize the Arkansas State Board of Collection Agencies to make reasonable inquiries of any law enforcement agency, financial institution, credit bureau or other similar entity for the purpose of determining my financial condition, criminal history, business experience, financial responsibility, competence, and/or character and fitness in conjunction with the engagement in the business of consumer and/or commercial collections. I hereby give my consent for the release of any inquiry results and/or background checks in conjunction with __JH Portfolio Debt Equities, LLC_____ (Agency name)

Owner's Signature

Printed Name & Title

Date: __7-2-09__

Acknowledgment

State of_____)

County of_____)

SWORN TO AND SUBSCRIBED before me this_____ day of_____,_____
(Month)          (Year)

Notary Public

My Commission Expires:

(Seal)

_____  ✳ Please see attached California Notary Certificate

**_SECTION 7._**

The following documents, which are necessary to complete the licensing process, have been included:
(Please mark to verify inclusion)

| | | |
|---|---|---|
| X | 1. | Application; |
| X | 2. | Check for Fees; |
| X | 3. | Bond included; |
| | | or |
| | | Bond applied for; |
| X | 4. | Authority to Obtain Information for owner and manager; |
| X | 5. | Personal and Business History Statements for owner; |
| X | 6. | List of Collectors and Solicitors; |
| X | 7. | Proposed Manager Information form; |
| X | 8. | Written Verification of Manager's/Owner's collection experience. |

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____       _____
Signature of Document Signer No. 1                             Signature of Document Signer No. 2 (If any)

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this

_2nd_ day of _July_____, 20 _09_, by
Date              Month                                Year

(1)_Douglas Jacobsen_____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and

(2)_____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _Jessica Gallucci_
Signature of Notary Public

JESSICA ANN GALLUCCI
Commission # 1646771
Notary Public - California
Los Angeles County
My Comm. Expires Feb 21, 2010

Place Notary Seal Above

———————————— *OPTIONAL* ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _Authority to Obtain Information from Outside Sources_

Document Date: _July 2, 2009_____    Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

## SECTION 8:

I hereby affirm that this application and/or any related attachments are submitted in compliance with Arkansas Code Annotated § 17-24-1 01 *et seq* and the information provided herein is true, correct and complete. I also affirm that this agency's clients will be provided with the information required by Arkansas Code Annotated § 17-24-3 1 0.

Date: 7-2-09

JH Portfolio Debt Equities, LLC
(Name of Collection Agency)

By: _____
(Owner/Officer/Partner)

_____ Manage
(Title)

## Acknowledgment

State of _____

County of _____

SWORN TO AND SUBSCRIBED before me on this _____ day of _____ 200___

_____
(Notary Public)

*Please see attached California Notary certificate

My Commission Expires: _____          (SEAL)

---

DO NOT WRITE BELOW THIS LINE
APPROVED BY:

CHAIRMAN _____

VICE CHAIRMAN _____

SECRETARY _____

MEMBER AT LARGE _____

| | |
|---|---|
| Fee | _____ |
| Collectors | _____ |
| Bond | _____ |
| Authority | |
| Manager | _____ |
| Owner | _____ |
| PH&BS | _____ |
| Manager Info | _____ |

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

[X] See Attached Document (Notary to cross out lines 1–6 below)
[ ] See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____     _____
Signature of Document Signer No. 1                              Signature of Document Signer No. 2 (If any)

State of California

County of ___Los Angeles___

**JESSICA ANN GALLUCCI**
Commission # 1646771
Notary Public - California
Los Angeles County
My Comm. Expires Feb 21, 2010

Subscribed and sworn to (or affirmed) before me on this

__2nd__ day of ___July___, 20 __09__, by
Date            Month                        Year

(1)_____Douglas Jacobsen_____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and

(2)_____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature ___Jessica Ann Gallucci___
Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __Affirmation of Compliance with__
__Arkansas Code__
Document Date: ___July 2, 2009___ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

In the United States District Court
Eastern District of Arkansas
Central Division

Jennifer Ryan                                                           Plaintiff

v.                                    Case No. _____

Lloyd & McDaniel, PLC                                                   Defendant

**Exhibit 3**

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JH MET SUBSIDIARY B LIQUIDATING                                    PLAINTIFF
TRUST

vs.                                    CASE NO.: 58CV-19-186

JENNIFER RYAN                                                      DEFENDANT

## PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

TO:   **JENNIFER RYAN**
Through his/her attorney of record:
WILLIAM T CROWDER
COREY D MCGAHA
5507 Ranch Drive Suite 202
Little Rock AR 72223

The Plaintiff requests the following discovery of Defendant, JENNIFER RYAN, pursuant to Arkansas Rules of Civil Procedure 33, 34, and 36. Defendant is directed to serve its verified answers, and to produce the requested documents in conformance with the above-cited rules, on or before thirty (30) days from the date certified below, at the law offices of Lloyd & McDaniel, PLC, P.O. Box 23200, Louisville, Kentucky 40223-0200.

### Instructions Regarding Requests for Admissions

The Plaintiff requests that the Defendant answer the following requests to admit facts pursuant to, and in accordance with, Arkansas Rule of Civil Procedure 36. If the Defendant objects to any requested admission, the reasons therefore shall be stated. The Defendant's answer shall specifically admit or deny the requested admission, or set forth in detail the reasons why the Defendant cannot truthfully admit or deny the requested admission. A denial shall fairly meet the substance of the requested admission, and when good faith requires that the Defendant qualify an answer or deny only a part of the matter of which an admission is requested, the Defendant shall specify so much of it as is true and qualify or deny the remainder, again detailing the specificity of the denial or the part thereof.

Please note that if after you submit your responses to these requests for admissions, you learn that any such response was either incomplete when made, or, although complete and correct when made, is no longer complete and correct, you must amend or supplement your response reasonably promptly after you discover the necessity for such an amendment or supplementation. Plaintiff will object at trial or any hearing to your use or attempted use of any

evidence that is inconsistent with matters that you have admitted or that you have failed to deny on a timely basis.

## DEFINITIONS

A.      "Issuer" refers to CAPITAL ONE, N.A.

B.      "Account" or "the Account" refers to Account Number **************** with CAPITAL ONE, N.A.

C.      "Card" or "the Card" refers to the CAPITAL ONE, N.A. card that was issued on the Account.

D.      "Defendant", "you", "your", or "yours" refers to JENNIFER RYAN.

E.      "Plaintiff" refers to JH MET SUBSIDIARY B LIQUIDATING TRUST and encompasses any person, employee, or other entity authorized to act on Plaintiff's behalf.

F.      "Identify", as used herein with regard to a person, shall mean to provide the following: (1) the person's full name; (2) any other names the person uses or has used in the past; (3) the person's residential address and telephone number; (4) the person's business address(es) and telephone number(s); (5) the person's employer and job title; (6) if the person is a former employee of Defendant, the person's last job title while so employed, and the date of termination; and (7) if the person is not an employee of Defendant but has some other connection with Defendant, for example, agent, independent contractor, officer, director, or customer, the person's connection with Defendant.

G.      "Identify", as used herein with regard to documents or tangible things, shall mean to describe such documents or tangible things by title, present location, usual location, custodian, and contents.

H.      The word "document" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of Defendant or Defendant's attorneys, agents, employees, trustees, representatives, professional accountants, and any attorneys with whom you may claim the right of joint defense privileges or special relationships, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewriting; photographs; slides; motion pictures; videotapes or cassettes; phonograph records; tape or other mechanical recordings; ledgers; books; statements of accounts; journals; notices; letters; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement subdivision, officer, or agency; and any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm or other type of copy of such items, whether or not such copy is different from the original by reason of any markings, additions, commentaries, revisions, deletions, or substitutions.

I.      "Communication" shall include, but is not limited to, any oral communications, correspondence, memoranda, reports, records and/or recordings of telephone calls and reports of meetings.

J.      "Person" means an individual, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity.

K.      "Credit bureau" means any person who, for compensation, gathers, records, and disseminates information relative to the creditworthiness, financial responsibility, paying habits, and other similar information regarding any person, for the purpose of furnishing consumer reports to third parties.

L.      "Charge-off date" means July 31, 2017.

M.      "Possession, custody or control" when used in reference to documents or other tangible things includes, without limitation, documents or things in your personal possession, custody or control, documents or things in the possession, custody or control of your attorneys or any other agents of yours, and documents or things which you could obtain, or copies of which you could obtain by reasonable good faith effort.  Possession, custody or control includes constructive possession such that the person need not have actual physical possession.  As long as Defendant has a superior right to compel the production from a third party (including an agency, authority or representative), Defendant has possession, custody or control.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**
You are a resident of the county in which this suit was filed.

      Response:

**Request for Admission No. 2:**
You signed the original application for the Card in the county in which this suit was filed.

      Response:

**Request for Admission No. 3:**
You used the Card to make purchases or obtain extensions of credit in the county in which this suit was filed.

      Response:

**Request for Admission No. 4:**

Defendant applied to Issuer for issuance of the Card.

     Response:


**Request for Admission No. 5:**

The Card was issued to Defendant.

     Response:


**Request for Admission No. 6.**

Defendant received the Card.

     Response:


**Request for Admission No. 7.**

Defendant accepted the Card.

     Response:


**Request for Admission No. 8.**

Defendant signed the back of the Card.

     Response:


**Request for Admission No. 9.**

Defendant used the Card to make purchases.

     Response:


**Request for Admission No. 10.**

Defendant used the Card to obtain extensions of credit.

     Response:

**Request for Admission No. 11:**
Issuer made cash advances to Defendant, either as actual cash or in payment for purchases
Defendant made from third parties by using the Card.

      Response:

**Request for Admission No. 12:**
Defendant accepted each such advance on the Account.

      Response:

**Request for Admission No. 13:**
By accepting each such advance under the terms of the agreement applicable to the Account
Defendant became bound to pay the amounts of such advances, plus any additional charges
provided for in such agreement.

      Response:

**Request for Admission No. 14:**
Until at least the charge-off date Issuer sent to Defendant on a monthly basis a statement of
charges and balance due on the Account.

      Response:

**Request for Admission No. 15:**
Defendant did not, within sixty days of the date of any billing statement on the Account send to
Issuer a written dispute of the billing statement.

      Response:

**Request for Admission No. 16:**
Defendant has failed to repay all of the advances made by Issuer on the Account.

      Response:

**Request for Admission No. 17:**
The balance due, owing, and unpaid on the Account, after allowing all just and lawful payments, credits and offsets, was $3,287.11 as of July 31, 2017.

    Response:


**Request for Admission No. 18:**
Defendant has made no payments on the Account since July 31, 2017.

    Response:


**Request for Admission No. 19:**
At least forty-five days prior to the date on which you were served with the Original Complaint in this case you received a letter from Plaintiff's attorneys requesting payment of the Account.

    Response:


**Request for Admission No. 20:**
Plaintiff is the owner of the Account.

    Response:


**Request for Admission No. 21:**
Defendant is indebted to Plaintiff for the amounts asserted in Plaintiff's Original Complaint in this case.

    Response:


**Request for Admission No. 22:**
Defendant is not entitled to any setoff for sums unconnected with payments that have been made by or on behalf of Defendant.

    Response:


**Request for Admission No. 23:**
Each of the charges comprising the Account was reasonable.

    Response:

Respectfully Submitted,

_____
W. Anderson Woodford (2016103) | Joshua A. De Renzo
(2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by United States Mail, postage pre-paid this __24__ day of __June__ , 20_19_ , to the following:

William T Crowder
Corey D McGaha
5507 Ranch Drive Suite 202
Little Rock AR 72223

_____
W. Anderson Woodford (2016103) | Joshua A. De Renzo
(2017019)
LLOYD & McDANIEL, PLC

441279/PARDISC/ca

## **VERIFICATION**

The undersigned hereby verifies that the information contained herein is accurate and correct to the best of the undersigned's information and belief.

_____

STATE OF _____        )
                                    )
COUNTY OF _____        )

     Subscribed and sworn to before me on this _____ day of _____,
20_____.

     My Commission Expires: _____.

_____